FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUCAS McCOMAS, CHRIS EAKLE, AUSTIN KEY, and IAN SUTTON,<br><br>Plaintiffs,<br><br>v.<br><br>CHELAN COUNTY, CHELAN COUNTY SHERIFF'S OFFICE, and Sheriff MIKE MORRISON, with the latter both individually and in his official capacity,<br><br>Defendants. | No. 2:26-cv-00105-MKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO STRIKE<br><br>**ECF Nos. 9, 16** |

Before the Court is Defendants' Joint Motion to Dismiss Plaintiffs' Complaint, ECF No. 9, and Defendants' Joint Motion to Strike Declarations of Lucas McComas, Chris Eakle, Austin Key, Ian Sutton, and Mary Schulz, ECF No. 16. The Court has reviewed the motions and record and is fully informed. For the reasons explained below, the Court grants in part and denies in part Defendants' Motion to Dismiss, ECF No. 9, and grants Defendants' Motion to Strike, ECF No. 16.

ORDER - 1

## BACKGROUND

Plaintiffs Lucas McComas, Chris Eakle, Austin Key, and Ian Sutton are all employees of the Chelan County Sheriff's Office.  ECF No. 1 at 3.  Plaintiffs allege that in summer 2022, they had each "completed [a] merit-based Civil Service test, and each was ranked in the top four position for promotion to the rank of sergeant."  *Id.* 5.  In September 2022, Plaintiffs McComas, Key, and Eakle were promoted to the rank of sergeant.  *Id.* at 8.

In Fall 2022, Sheriff Brian Burnett ran for re-election against Defendant Mike Morrison.  *Id.*  Plaintiffs allege that "[b]oth candidates implicitly, if not directly, compelled law enforcement personnel to declare their allegiance and then support them respectively."  *Id.* at 9.  Sheriff Burnett "published his employee supporters in photos . . . the list included . . . Plaintiffs McComas, Eakle, Key, and Sutton."  *Id.*  In November 2022, Defendant Morrison was elected as Sheriff of Chelan County.  *Id.* at 10.  That same month, Sheriff Burnett promoted Plaintiff Sutton to sergeant "to ensure Plaintiff Sutton's merit right to that rank when the position was slated to be funded in July 2023."  *Id.* at 11.

In December 2022, fearing retaliation from Defendant Morrison against Plaintiffs, "Sheriff Burnett notified Plaintiffs that he would ask the Commission to reclassify Plaintiffs to their former position as deputies, and thereby return Plaintiffs to the Sergeant's reinstatement list, to protect their merit entitlements to

ORDER - 2

their sergeant's rankings." *Id.* Sheriff Burnett also "advised Plaintiffs to make the same request to the Commissioners to voluntarily 'step down' to return to the protected deputy status and reinstatement list, so that when sergeants' positions became vacant, they would be entitled to return to their sergeant's positions." *Id.* at 12. In December 2022, Plaintiffs made the request. *Id.*

Defendant Morrison notified Plaintiffs in December 2022 that he would be reducing all four Plaintiffs from their positions as sergeants. *Id.* at 14. Defendant Morrison also "stated that the Plaintiffs 'will have the right to be placed on a Sergeant reinstatement list until it expires.'" *Id.* at 15. Plaintiffs allege that Defendant Chelan County Commissioners knew Plaintiffs "voluntary reduction was being forced upon them for their speech and [was] intended as protection against retaliation" but "the Civil Service Board approved Plaintiffs' requests to be reduced to deputy roles, and returned to the reinstatement list." *Id.* at 16. However, in late December, Defendant Morrison issued an email stating that "Plaintiffs would not be allowed to step down voluntarily, or voluntarily reduced in rank . . . but would now remain in their roles as sergeants . . ." *Id.* at 17.

On January 1, 2023, after taking office, Defendant Morrison "demoted each Plaintiff sergeant as probationary employees from their earned rank as sergeants to the rank of deputy, thereby denying them the right to reinstatement as well." *Id.* at 18. Plaintiffs allege that Defendant Morrison made multiple statements tying their

ORDER - 3

demotion to their support of Sheriff Burnett. *Id.* at 20. Plaintiffs also allege that, on January 4, 2023, the Chelan County Civil Service Commission certified a "Sergeant Reinstatement List - 01/01/2023 - Indefinite" for each Plaintiff, but Defendant Morrison declared the reinstatement list invalid. *Id.* at 20-21. Plaintiffs further allege that "[s]ergeants' positions have been available and funded at the Chelan County Sheriff's Office, and Defendants have refused to place Plaintiffs into those positions." *Id.* at 22. Plaintiffs characterize Defendants' alleged retaliation as a "continuing constitutional offense" and allege continuing economic and noneconomic damages. *Id.*

In Summer 2024, Plaintiffs McComas and Eakle filed complaints with Chelan County's Human Resources alleging retaliation. *Id* at 20. Defendant Chelan County "declined to properly investigate Plaintiffs' retaliation complaints [and] forwarded Plaintiffs' complaints to Defendants' prosecuting attorney, who summarily told Plaintiffs that their retaliation complaints had no merit." *Id.*

Plaintiffs bring claims against Defendants Chelan County, Chelan County Sheriff's Office, and Morrison under: (1) 42 U.S.C. § 1983 regarding First Amendment speech and retaliation; and (2) intentional infliction of emotional distress. ECF No. 1 at 22-38. Defendants moved to dismiss for failure to state a claim. ECF No. 9. Defendants subsequently moved to strike declarations of Lucas

ORDER - 4

McComas, Chris Eakle, Austin Key, Ian Sutton, and Mary Schultz, which were submitted in support of Plaintiffs' response to the motion to dismiss. ECF No. 16.

## LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint in its entirety, contending that Plaintiffs' claims under 42 U.S.C. § 1983 are time barred and that Plaintiffs have failed to plausibly allege a claim for intentional infliction of emotional distress. ECF No. 9 at 5.

ORDER - 5

*1. Motion to Strike*

Defendants move to strike the declarations Plaintiffs filed in support of their response to Defendants' motion to dismiss.  ECF No. 16.  Plaintiffs argue that "[t]he Court should deny Defendants' motion to strike, convert the motion [to dismiss] to a Rule 56 motion under Rule 12(d), continue hearing and allow for proper discovery into Defendants' claimed facts under Rule 56(f) . . ."  ECF No. 18 at 19.  The Court declines to do so.

When considering a motion to dismiss, "[r]eview is limited to the complaint; evidence outside the pleadings cannot normally be considered in deciding a 12(b)(6) motion." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).  "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Rule 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  However, "[w]hether to convert a Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d) is at the discretion of the district court." *Barnes v. Sea Hawai'i Rafting, LLC*, 493 F.Supp.3d 972, 976 (D. Haw. 2020) (quoting *Adobe Sys. Inc. v. Blue*

ORDER - 6

*Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015)), *aff'd sub nom.*
*Barnes v. Kris Henry, Inc.*, 2022 WL 501582 (9th Cir. Feb. 18, 2022).

"The central question in determining whether to convert a Rule 12 motion into one for summary judgment is whether the proffered materials and additional procedures required by Rule 56 will facilitate disposition of the action or whether the court can base its decision upon the face of the pleadings." *United States v. Walker River Irrigation District*, 473 F.Supp.3d 1150, 1154 (D. Nev. 2020) (simplified). Further, "courts regularly decline to convert a motion to dismiss into one for summary judgment when the litigation is in its early stages." *Benton v. Executive Hotel Seattle, LLC*, 2021 WL 764135, at *3 (W.D. Wash. Feb. 26, 2021) (citing *Williams v. Cty. of Alameda*, 26 F.Supp.3d 925, 936 (N.D. Cal. 2014)); *Barnes*, 493 F.Supp.3d at 976.

The Court exercises its discretion and declines to convert the motion to a Rule 56 motion for summary judgment. This case was filed less than four months ago and deadlines for discovery and trial have not yet been set. Further, the motion can be decided considering only the complaint under the proper Rule 12(b)(6) standard. Accordingly, the Court grants Defendants' Motion to Strike.

*2. 42 U.S.C. § 1983 Claim*

Defendants argue that Plaintiffs' federal claims are time barred pursuant to RCW 4.16.080(2) and that RCW 4.96.020, Washington's presentment statute, does

ORDER - 7

not toll the statute of limitations for § 1983 claims.  ECF No. 9 at 8.  Plaintiffs contend that the continuing violations doctrine applies and that the plain meaning of RCW 4.96.020 tolls the statute of limitations for § 1983 claims.  ECF No. 10 at 6.

A § 1983 action accrues, and the statute of limitations begins to run, when plaintiffs know or have reason to know of the injury that forms the basis of their action.  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  "[C]ontinuing impact from past violations is not actionable."  *Id* (simplified).  Under Washington state law, the statute of limitations for a § 1983 claim is three years.  RCW 4.16.080(2); *see RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).  Washington's claims presentment statute provides:

> No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

RCW 4.96.020.  "RCW 4.96.020 contains a special statute of limitations [and] does not operate to toll the state's general residual limitations period

ORDER - 8

applicable to § 1983 actions." *Boston v. Kitsap County*, 852 F.3d 1182, 1189 (9th Cir. 2017).

The continuing violations doctrine may be invoked by showing a "series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during that period." *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997) (quoting *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1480 (9th Cir. 1989)). The Supreme Court has narrowly construed the doctrine in holding that it does not apply to "discrete acts" merely because they are plausibly or sufficiently related to each other. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

Plaintiffs allege a constitutional injury occurred on January 1, 2023, when Plaintiffs were demoted. ECF No. 1 at 18. Plaintiffs filed the Complaint on March 4, 2026, over three years after the alleged injury. *Id.* at 40. This is outside of Washington's three-year statute of limitations for § 1983 claims and RCW 4.96.020 does not toll the statute of limitations. *See Boston*, 852 F.3d at 1189.

Plaintiffs have not sufficiently alleged a continuing violation. Plaintiffs characterize Defendants' conduct as ongoing because Defendant Morrison allegedly continues to treat the January 2023 reinstatement list as invalid, sergeant positions allegedly have been available and funded, Defendants allegedly have

ORDER - 9

refused to place Plaintiffs into those positions, and Plaintiffs continue to suffer harm.  ECF No. 1 at 20-22.  But the pleaded constitutional injury occurred when Defendant Morrison allegedly demoted Plaintiffs from sergeant to deputy and denied them reinstatement rights because of their protected speech.  *Id.* at 18-19. Plaintiffs knew of that injury on January 1, 2023.  *Id.* at 18.  Even treating Defendant Morrison's alleged rejection of the reinstatement list as a separate adverse act, that act occurred in January 2023 and is also untimely.

Plaintiffs' general allegation that Defendants have refused to place them into later available sergeant positions also does not constitute a continuing violation. The Complaint does not identify any specific vacancy, request for reinstatement, denial, decisionmaker, or date within the limitations period, nor does it allege facts supporting a reasonable inference that any timely non-selection was an independent retaliatory act.  As pleaded, Plaintiffs allege continuing effects of the January 2023 demotions and denial of reinstatement rights, not a continuing violation.

Likewise, the 2024 HR complaints do not make the § 1983 claim timely. Although Plaintiffs allege that Defendant Chelan County failed to properly investigate those complaints and that the prosecuting attorney concluded they lacked merit, they do not plausibly allege that the handling of those complaints

ORDER - 10

caused a new constitutional injury or constituted an independently actionable adverse employment action.

Because the Complaint establishes on its face that the § 1983 claim accrued in January 2023, and because amendment would not cure that limitations defect, Plaintiffs' § 1983 claim is dismissed with prejudice.

### 3. Intentional Infliction of Emotional Distress Claim

Defendants argue that Plaintiffs have not plausibly alleged a claim for intentional infliction of emotional distress. ECF No. 9 at 14-18.

"'Outrage' and 'intentional infliction of emotional distress' are synonyms for the same tort." *Kloepfel v. Bokor*, 66 P.3d 630, 631 n.1 (Wash. 2003) (citation omitted). The elements of this claim are: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress." *Dicomes v. State*, 782 P.2d 1002, 1012 (Wash. 1989) (citation omitted).

Plaintiffs allege that "Defendants' use of law enforcement officers for personal gain . . . is extreme and outrageous conduct." ECF No. 1 at 38. Plaintiffs further allege that Defendants conduct continues to inflict emotional distress on Plaintiffs. *Id.* "[T]he Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them." *Ashcroft*, 556

ORDER - 11

U.S. at 678.  Accordingly, Plaintiffs sufficiently pleaded an intentional infliction of emotional distress claim.

However, the Court's jurisdiction over state law claims that form "part of the same case or controversy" arises out of 28 U.S.C. § 1367(a).  "Ordinarily, if federal claims are dismissed before trial[,] the state claims should be dismissed as well." *S. Cal. Edison Co. v. Orange Cnty. Transp. Auth.*, 96 F.4th 1099, 1109 (9th Cir. 2024) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).  "When a district court 'has dismissed all claims over which it has original jurisdiction,' it 'may decline to exercise supplemental jurisdiction' over remaining state law claims." *Pell v. Nuñez*, 99 F.4th 1128, 1135 (9th Cir. 2024) (quoting 28 U.S.C. § 1367(c)(3)).  The Ninth Circuit requires that a district court provide notice and opportunity to be heard before it *sua sponte* declines to exercise supplemental jurisdiction. *Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022).

Because Plaintiffs' remaining intentional infliction of emotional distress claim raises a question of state law, the Court gives notice that it intends to decline supplemental jurisdiction over it.  Consistent with the below schedule, the parties shall file a brief setting forth their positions as to whether the Court should exercise supplemental jurisdiction.

Accordingly, **IT IS HEREBY ORDERED:**

ORDER - 12

1. Defendants' Motion to Dismiss, **ECF No. 9**, is **GRANTED in part** as to the 42 U.S.C. § 1983 claim, which is DISMISSED WITH PREJUDICE, and **DENIED in part** as to the intentional infliction of emotional distress claim.

2. **By no later than July 3, 2026**, the parties shall file a brief setting forth their position as to whether the Court should exercise supplemental jurisdiction.

3. Defendants' Joint Motion to Strike Declarations of Lucas McComas, Chris Eakle, Austin Key, Ian Sutton, and Mary Schulz, **ECF No. 16**, is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

DATED June 26, 2026.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 13